NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2016
Decided August 18, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2472

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 00695-2 |
| BACILIO LOPEZ-RIOS, *Defendant-Appellant*. | John J. Tharp, Jr., *Judge*. |

**O R D E R**

Bacilio Lopez-Rios was caught selling cocaine in Chicago, Illinois, and later pleaded guilty to conspiracy to possess and distribute a controlled substance, *see* 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced Lopez-Rios to 78 months' imprisonment. Lopez-Rios filed a notice of appeal, but his appointed lawyer has moved to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Lopez-Rios has not accepted our invitation to comment on counsel's motion. *See* 7TH CIR. R. 51(b). We limit our review to the potential issues that counsel discusses.

*See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by noting that Lopez-Rios has no interest in challenging either his guilty plea or the conditions of his supervised release, thus counsel appropriately omits discussion concerning the adequacy of the plea colloquy, the voluntariness of the plea, and the conditions with which Lopez-Rios must comply upon release. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002); *United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014).

Counsel considers challenging the length of Lopez-Rios's prison sentence but properly concludes that to do so would be frivolous. Lopez-Rios admitted that the conspiracy involved at least 5 kilograms of cocaine, yielding a base offense level of 30, *see* U.S.S.G. § 2D1.1. Lopez-Rios received a 3-level decrease for acceptance of responsibility, *see id.* § 3E1.1; the total offense level of 27, combined with Lopez-Rios's criminal history category of II, resulted in a Guidelines imprisonment range of 78 to 97 months. The district court selected the lowest end of that range, and a sentence within the properly calculated Guidelines range is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Williams-Ogletree*, 752 F.3d 658, 664 (7th Cir. 2014).

Counsel tells us that Lopez-Rios wishes to argue that he should have received relief under the "safety valve," which if specified criteria are satisfied, allows a drug offender to avoid a statutory minimum sentence and also benefit from a 2-level downward adjustment under the Sentencing Guidelines. *See* 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(17), 5C1.2. But counsel rightly notes that Lopez-Rios's two criminal history points make him ineligible for the reduction, *see* U.S.S.G. § 5C1.2(a)(1); *United States v. Vega-Montano*, 341 F.3d 615, 619–20 (7th Cir. 2003), so any argument about the safety valve would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.